HAGAR v. BALTIMORE & O. R. CO.

MASON v. SAME.

(District Court, N. D. Ohio, W. D. July 1, 1913.)

Nos. 2,409, 2,410.

RAILROADS (§ 274*)—STATIONS—INJURY TO LICENSEES—PLEADING.

    Where the beneficiary in one action and the decedent in another were alleged to have been injured by a train plunging through defendant's station house, while such persons were present therein as guests of the station agent, and there was no allegation that they were in the station on business connected with the railroad company and the accident did not occur when the station house could be called a public place because of the imminence of some train stopping at the station, there was nothing to show privity between the injured persons and the railroad company sufficient to establish a cause of action.

    [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 868–872; Dec. Dig. § 274.*]

At Law. Actions by Claude L. Hagar, by Samuel H. Fellers, his guardian, and by Harley W. Mason, administrator of the estate of Grant Mason, against the Baltimore & Ohio Railroad Company. On demurrers to petitions. Sustained.

Benjamin F. James, of Bowling Green, Ohio, for plaintiffs.

F. A. Durban, of Zanesville, Ohio, for defendant.

KILLITS, District Judge. These cases were presented together; the points raised by demurrers to the petitions being identical, the causes of action growing out of the same incident.

The beneficiary of the first action and the decedent named in the second action were, as appears by the averments of the petition, the friends or guests of the agent of the defendant company in its station or depot house at Hoytville, Wood county, Ohio, at 11 o'clock at night, at which time some rail derangement caused a train to plunge through the station house to the injury of the former and the death of the latter.

The clear inference from the averments of the petition is that they were there on business not connected with the business of the railroad company and not at a time when, because of the imminence of some train stopping at that station, the station house could be called a public place. In our judgment the demurrers should very clearly be sustained, on the authority of Railroad Co. v. Bingham, 29 Ohio St. 364, and authorities cited, and Railroad Co. v. Cox, Adm'x, 66 Ohio St. 276, 64 N. E. 119, 90 Am. St. Rep. 583. There is absolutely no allegation in the petition which suggests any privity between the injured persons and the railroad company or any other relationship of the former to the latter than that of mere licensees of the latter, wherefore the principles of these authorities very clearly apply.